**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Scott Arthur KLINE, Defendant—
Appellant.**

No. 03–10097.

D.C. No. CR–01–00051–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 11, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Anne E. Mosher, Asst. U.S. Atty., Nathan D. Leonardo, Ustu–Office of The U.S. Attorney, Evo A. DeConcini US Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Steven P. Sherick, Tucson, AZ, for Defendant–Appellant.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM**

Pursuant to a plea agreement, Scott Kline pleaded guilty in district court to Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). The plea agreement provided, *inter alia:*

> In exchange for the defendant's plea the government agrees to a binding range of imprisonment of 14–23 months.
>
> . . .
>
> I [the defendant] further understand that if I violate any of the conditions of my supervised release, my supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

During the plea colloquy, the following exchange took place:

> The Court: The law imposes certain penalties for this offense. The *maximum incarceration period is 10 years,* the maximum fine is $5,000, supervised release is—is this right, minimum four years?
>
> Ms. Portillo [defense counsel]: That's correct, your Honor.

> The Court: All right, and there's a mandatory 100–dollar assessment which the court must impose. Supervised release would begin after any period of incarceration would be over, so that you would be out of custody but you would remain under the supervision of the Court for a period of time of not less than four years. And if you violated the law during that supervised release period, you could be arrested again and brought back into court, you could have your release revoked, and you could be sent back into custody for up to whatever the *original maximum* was.
>
> Do you understand all the penalties the law imposes for this offense?
>
> Mr. Kline: I do, your Honor.

(emphasis supplied). The court sentenced Kline to twenty months in prison, three months less than the maximum permitted under the plea agreement, to be followed by thirty-six months of supervised release. After Kline had served his time of incarceration, and while he was on supervised release, he violated the terms of that release. The court then sentenced him to twelve months in prison, to be followed by twenty-four months of supervised release.

Kline contends that, under the plea agreement, the court could not sentence him to more than the remaining three months under the twenty-three months agreed to in that agreement. In Kline's view, the "original maximum," mentioned in the plea colloquy above, referred to the range agreed to in the plea agreement—"14–23 months." The district court disagreed, finding that "original maximum" referred to the statutory maximum sentence—in this case, ten years.

We review the district court's interpretation and construction of the plea agree-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment for clear error. *United States v. Floyd,* 1 F.3d 867, 869 (9th Cir.1993). In this case, the district court committed no error, clear or otherwise. The plea agreement explicitly provides that any punishment for violation of supervised release is independent of the twenty-three month limit contained in the agreement. Furthermore, Kline's argument as to the meaning of "original maximum" is not persuasive, as evidenced by the colloquy quoted above. The judge had just referred to the statutory maximum of ten years, and then said that Kline could be sentenced to the "original maximum." That reference is obviously to the statutory maximum that the judge has just mentioned, and not to the range found in the plea agreement.

The district judge's interpretation of the plea agreement was correct and, therefore, he did not violate the agreement by sentencing Kline to twelve months of incarceration.

AFFIRMED.